UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-09444 MMM (JEMx) | Date | January 28, 2010 |

| | |
|---|---|
| Title | *International Entertainment Corporation v. Media 8 Entertainment* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

### I. BACKGROUND

On December 23, 2009, plaintiff International Entertainment Corporation ("International Entertainment") filed this action against defendant Media 8 Entertainment ("Media 8") and various unidentified parties.[1]  International Entertainment is a Cayman Islands limited liability corporation with its principal place of business in Hong Kong.[2]  Plaintiff alleges that Media 8 is a California corporation with its principal place of business in Sherman Oaks, California.[3]

Plaintiff asserts that at the request of defendant, it deposited $5,000,000 with Hongkong and

---

[1] Complaint, Docket No. 1 (Dec. 23, 2009).

[2] *Id.*, ¶ 2.

[3] *Id.*, ¶ 3.

Shanghai Banking Corporation Limited as collateral for a loan made to Media 8.[4]  Defendant allegedly defaulted on the loan, resulting in the loss of the $5,000,000 deposited by International Entertainment.[5]  Subsequently, Media 8 refused to repay the funds plaintiff deposited as collateral on defendant's behalf.[6]  Plaintiff's complaint alleges state law claims for (1) subrogation, (2) unjust enrichment, and (3) money paid.

## II.  DISCUSSION

International Entertainment alleges that the court has original jurisdiction to hear this case based on diversity of citizenship the parties.  See 28 U.S.C. § 1332.[7]

### A.    Requirements for Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").  The statute requires complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction.  See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens."  *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Vill. Assocs., Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership" (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

---

[4]*Id.*, ¶ 6.

[5]*Id.*, ¶ 6–7.

[6]*Id.*, ¶ 8.

[7]*Id.*, ¶ 1.

**B.     Whether Plaintiff Has Established That There Is Complete Diversity of Citizenship Between the Parties**

Because plaintiff seeks $5,000,000 in damages, the amount in controversy requirement is clearly satisfied.  Plaintiff's complaint fails to establish, however, that there is complete diversity of citizenship between the parties.  International Entertainment alleges that it is a Cayman Islands limited liability corporation; it does not, however, identify the citizenship of its individual members.  If any member of International Entertainment is a California citizen, the court will lack jurisdiction because Media 8 is a California corporation.  Because the citizenship of plaintiff's members is not alleged, the court is unable to determine whether it has jurisdiction to hear the action.

### III.  CONCLUSION

For the foregoing reasons, the court orders plaintiff to show cause on or before **February 12, 2010** why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by **February 12, 2010**, will result in dismissal of plaintiff's complaint.